UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSVANY RODRIGUEZ FERRER,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-05814-JLT-FJS

A-Number: 240-559-338

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Josvany Rodriguez Ferrer is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner, who is from Guatemala, entered the United States without inspection on or about April 19, 2022, where he was encountered by U.S. Border Patrol near El Paso, Texas. (Doc. 11 at 5.) Petitioner was processed as an expedited removal with credible fear and released from immigration custody on April 22, 2022. (*Id.*) Petitioner's case was never referred to the U.S. Citizenship and Immigration Services for a credible fear interview. (*Id.*)

On July 18, 2022, Petitioner was arrested for theft in Arlington, Texas (disposition: held). (Doc. 9 at 7, *See* FBI "RAP Sheet.) On September 16, 2022, Petitioner was arrested for terrorist threat of family/household (disposition: dismissed), criminal mischief (disposition; unknown), and evading arrest (disposition: convicted). (*Id*. at 8-9.) On September 22, 2025, Petitioner was arrested for aggravated assault with a deadly weapon (disposition: dismissed) and assault on a family member/household member – impede breath/circulation (disposition: waived). (*Id*. at 10-11.) That same day, ICE encountered Petitioner while he was in state custody for pending criminal charges and placed an immigration detainer on Petitioner. (Doc. 11 at 5.) On January 20, 2026, Petitioner was convicted of assault causing bodily injury to a family member. (*Id*. at 12.) On January 21, 2026, Petitioner was arrested by ICE after he was released from state criminal custody. (*Id*.) On that same day, Petitioner was served with a Notice to Appear, charging him as pursuant to § 212(a)(7)(A)(i)(I). (*Id*. at 6.) After being taken into ICE custody, Petitioner was subsequently transferred to the California City Detention Facility in California City, California, where he remains. (Doc. 1 at 1.) A routine search of the EOIR Automated Case Information Database reveals that Petitioner was ordered removed on June 11, 2026, he appealed that decision to the BIA on June 22, 2026, and that appeal is still pending.

On July 27, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1 at 6.) On August 19, 2026, Respondents filed a response to the petition, in which they assert that Petitioner is detained pursuant to 8 U.S.C. §1226(a) and acknowledge that this case is in the category of cases in which the Court has ordered a post deprivation bond hearing due to Petitioner's criminal history. (*See* Doc. 9.) On September 11, 2026, the assigned magistrate judge in this case issued a Minute Order directing Respondents to file Petitioner's Form I-213 with the Court as well as a brief supplemental response to the petition clarifying whether Petitioner's criminal convictions subject him to detention authority pursuant to 8 U.S.C. § 1226(c). (Doc. 10.) On September 18, 2026, Respondents informed the Court that Petitioner's convictions do not subject him to mandatory detention pursuant to § 1226(c)(1)(E). (Doc. 11.)

///

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a) governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

However, that is not the end of the inquiry. The Court finds that Respondents may well have a legitimate interest in Petitioner's detention based on his recent conviction for assault against a family member. The Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.
2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth

in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 23, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE